United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21243
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CONRADO PENA-ORDONEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-150-ALL
---------------------

Before BARKSDALE, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Conrado Pena-Ordonez (Pena) appeals his conviction and the 60-month prison sentence he received upon his plea of guilty to a charge of having been present in the United States after deportation, a violation of 8 U.S.C. § 1326. We AFFIRM.

Pena contends that the district court reversibly erred in sentencing him under the guidelines, by departing upward in determining his term of imprisonment. The district court did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reversibly err, however, because the court gave acceptable reasons for departing and the extent of the departure is reasonable. United States v. Hefferon, 314 F.3d 211, 227 (5th Cir. 2002). Furthermore, it is clear that Pena's sentence would have been no different if the district court had disregarded the fact that he had lied to law enforcement authorities in connection with his prior offenses. See Williams v. United States, 503 U.S. 193, 204 (1992).

Pena also contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment and proved to a jury beyond a reasonable doubt. He asserts that 8 U.S.C. § 1326(a)(1) and (2) are unconstitutional on their face and as applied in his case. He acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Pena's contention lacks merit because Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.